UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRIOT AMBULANCE SERVICE, INC.,
and SHIRLEY BURCHETT, individually,

        Plaintiffs,

v.

GENESEE COUNTY, et al.,

        Defendants.
        _____/

Case Number: 08-11447

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Defendants Genesee County Public Health Department and its Health Officer Robert Pestronk (hereinafter Health Department Defendants), and Defendant Genesee County, Genesee County Board of Commissioners, and the individual Commissioners' Motion (collectively Genesee County Defendants) for Partial Summary Judgment (Doc. No. 35). The Court heard oral argument, and at the conclusion of the hearing, the Court took this matter under advisement. For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part the motion.

**I. FACTUAL BACKGROUND**

Plaintiffs Patriot Ambulance Service, Inc. ("Patriot") and Shirley Burchett filed an action challenging the legality of the Genesee County Ambulance Operations and Emergency Medical Services Ordinance (Ordinance), which was enacted in December 2007, but never implemented. Patriot is a state-licensed ambulance service provider

operating in Genesee County. See Compl. at ¶¶ 6, 35. Burchett is a property owner and pays property taxes in Genesee County. Id. at ¶ 7. Plaintiffs seek to enjoin the implementation of the Ordinance and money damages.

Defendants Genesee County Public Health Department and Robert Pestronk maintain that they are entitled to judgment on the pleadings. Defendants Genesee County, the Genesee County Board of Commissioners, and Genesee County Commissioners, Archie H. Bailey, Rose Bogardus, Jamie Curtis, Miles Gadola, Ted Henry, Patricia Lockwood, John Northrup, Raynetta Speed, and Woodrow Stanley also move for judgment on the pleadings and/or summary judgments.

## II. STANDARD OF REVIEW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JP Morgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted)). In Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295-96 (6th Cir. 2008), the Sixth Circuit reiterated the pleading requirements that are necessary to survive a Rule 12(c) motion for judgment on the pleadings:

> In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of 'his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Id. at 1964-65 (internal citations omitted).

When reviewing a motion to dismiss, the Court must construe the complaint in the light

most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 570 (2007).

Recently, the Supreme Court decided another case relevant to this Court's assessment of the viability of Plaintiffs' Complaint. In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court articulated a "two-pronged approach" to be used in assessing whether a complaint states a claim upon which relief may be granted. Id. at 1950. First, a court should "identify[ ] the allegations in the complaint that are not entitled to the assumption of truth." Id. at 1951. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief, and must be disregarded. Id. (quoting Twombly, 550 U.S. at 555). After identifying the well-pleaded factual allegations, the Court must scrutinize these facts to see if they "plausibly suggest an entitlement to relief." Iqbal, 129 S. Ct. at 1951. Although even "unrealistic or nonsensical" factual allegations must be credited, the Court now must determine whether there are "more likely explanations" for these facts than the inference required to support the plaintiff's legal theory. Id. at 1950-51 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief'" (quoting Fed. R. Civ. P. 8(a)(2)). This does not require a "probability," but "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949.

In contrast, in assessing the merits of a motion for summary judgment pursuant

to Rule 56(c), a court may grant the motion only if the evidence indicates that no genuine issue of material fact exists. FED. R. CIV. P. 56(c). To avoid summary judgment, the opposing party must have set out sufficient evidence in the record to allow a reasonable jury to find for him at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

The sufficiency of the evidence is to be tested against the substantive standard of proof that would control at trial. Anderson, 477 U.S. 242. The moving party has the burden of showing that there is an absence of evidence to support the non-moving party's case. Celotex v. Catrett, 477 U.S. 317, 325 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. In disposing of a motion for summary judgment, this Court must consider the evidence in the light most favorable to the nonmoving party, but may weigh competing inferences for their persuasiveness. Matsushita, 475 U.S. at 574.

### III. ANALYSIS

#### A. Health Department Defendants

According to the Complaint, Defendant Genesee County Public Health Department (GCHD) is a separate department of the County operated pursuant to, and for the purpose of fulfilling the requirements of the public Health Code." Compl. at ¶ 23. Defendant Robert M. Pestronk is the County Health Officer . . .charged with certain statutory duties under the Public Health Code. Compl. at ¶ 24. There is no other

specific mention of Health Department Defendants.  Simply put, the Complaint lacks any allegations of wrongdoing by these Defendants.

In their responsive pleading, Plaintiffs rely not only on the allegations of Health Department Defendants' statutory duties as included in the Complaint, they assert that Health Department Defendants have specific responsibilities under the Ordinance, although those duties are as of yet undefined.  See Ordinace, §§ 1.4, 5.3, 7.2(b). Plaintiffs' contention is that because these Defendants have responsibilities identified by the public Health Code, it is imperative to retain Health Department Defendants in this lawsuit to enjoin the implementation of the Ordinance successfully.  Finally,  Plaintiffs argue that they are entitled to discovery before the Court renders any ruling on Defendants' request for summary judgment.  See Fed. R. Civ. P. 56(f) (if a party cannot present facts essential to justify its opposition it must show "by affidavit that, for specified reasons, it cannot present facts to justify its opposition," the court may order a continuance).

Plaintiffs' request for discovery need not be resolved inasmuch as the Court limits its consideration to the sufficiency of the Complaint.  It finds Plaintiffs have failed to state a claim, even crediting all of the allegations in the Complaint.  The Complaint contains no factual allegations connecting Health Department Defendants to the enactment of the Ordinance.  Although detailed factual allegations are not required, labels and conclusions are not enough.  Nor does Plaintiffs' speculation as to the future obligations of Health Department Defendants provide a sufficient basis for the Court to find they have satisfied their pleading burden.  Because there is no conduct by Health Department Defendants at issue in this lawsuit as it is now formulated, the Court grants

the request for judgment on the pleadings.

### B. Genesee County Defendants

Defendants Genesee County, its Board of Commissioners, and individual Commissioners raise numerous arguments in support of their request for dismissal and/or summary judgment. They assert that the official capacity claims against the Board and individual Commissioners are duplicative of the claims against the County and that the claims advanced under the state constitution are duplicative of the claims brought under the federal constitution. Genesee County Defendants next challenge Plaintiffs' ability to recover damages under the antitrust claims. In addition, Genesee County Defendants assert they are entitled to immunity from the state tort claims. Finally, they seek dismissal of Plaintiffs' takings claim on ripeness grounds. Each argument is addressed below.

#### 1. Official Capacity claims

Plaintiffs have named as Defendants, the County, its Board of Commissioners, and each Commissioner in his or her official capacity. Defendants maintain that the interests of the Board and the individual members do not differ from the County's interest and that the Board is simply the legislative body of the County. This Court agrees.

Case law supports the proposition that individuals sued in their official capacities stand in the shoes of the entity they represent. Alkire v. Irving, 330 F.3d 802 (6th Cir. 2003). Consequently, claims brought against Genesee Board of Commissioners and individual Commissioners pursuant to 42 U.S.C. § 1983 are duplicative of the claim against Genesee County because official capacity suits are the equivalent of a suit

against the municipality. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Accordingly, the Court dismisses the Board and individual Commissioners from those claims under 42 U.S.C. § 1983.

Genesee County Defendants have failed to advance any basis for concluding that they cannot be sued for state law claims pursuant to Alkire. Therefore, the request for dismissal on this ground as to the state claims is denied.

### 2. Michigan Constitution

In addition to claims brought on federal constitutional grounds, Plaintiffs seek money damages from Genesee County Defendants for violations of the state constitution. See Counts VI (Equal Protection), VII (Due Process), VIII (Impairment of Contract) and IX (Violation of the Takings Clause). According to Defendants, these claims must be dismissed because they are redundant of the federal constitutional claims and therefore are not cognizable against municipal entities. The Court agrees in part.

Under state law, claims for money damages brought pursuant to the Michigan Constitution are not viable when other avenues of recovery exit. Jones v. Powell, 612 N.W.2d 423 (Mich. 2000). Specifically, a plaintiff may not seek money damages from a municipality for its violation of the Michigan Constitution, because money damages are ordinarily reserved for a plaintiff who lacks an alternative remedy, and a municipality's violation of the federal constitution carries with it the ability to recover damages from the municipality or individual government employees under 42 U.S.C. §1983. Nevertheless, to the extent that Plaintiffs are not seeking monetary relief under the Michigan Constitution, the Jones case is inapplicable. In each of the Counts, Plaintiffs

ask not only for money damages, but also for a declaratory judgment. Therefore, only that portion of the claim that seeks monetary relief is at issue.

The Court further rejects Genesee County Defendants' assertion that a plaintiff may not bring both federal and state constitutional claims. Rule 8(d)(2) permits alternative claims and a plaintiff can pursue numerous theories and/or sources of relief even when the identical facts are alleged. Therefore, Plaintiffs are free to pursue violations under both, subject to the Jones prohibition.

### 3. Antitrust Claims

Plaintiffs have alleged that Genesee County Defendants engaged in conduct violative of Section 1 of the Sherman Act, 15 U.S.C. § 1, and Section 2 of the Michigan Antitrust Reform Act, Mich.Comp.Laws § 445.772. According to Plaintiffs, if the Ordinance is implemented, their business interests would be damaged substantially.

#### a. Federal claim

Although the parties agree that the Local Government Antitrust Act, 15 U.S.C. § 35(a), bars Plaintiffs' claim for money damages pursuant to federal antitrust law, they disagree as to whether Plaintiffs' claim must be dismissed. The provision reads, "No damages, interest on damages, costs, or attorney's fees may be recovered under section 4, 4A, or 4C of the Clayton Act (15 U.S.C. 15, 15a, or 15c) from any local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 35(a).

Genesee County Defendants argue that because Plaintiffs seek declaratory, not injunctive, relief, the Court must dismiss the claim. Genesee County Defendants' argument is unavailing. The Local Government Antitrust Act does not bar Plaintiffs request for declaratory relief. Thatcher Enterprises v. Cache County Corp., 902 F.2d

8

1472 (10th Cir. 1990), MacArthur v. San Juan Co., 416 F.Supp.2d 1098 (D. Utah 2005). Plaintiffs may proceed with the request for declaratory judgment under federal antitrust law.

### b.  State claim

In addition to challenging Plaintiffs' federal antitrust claim, Genesee County Defendants maintain that Plaintiffs' state antitrust claim likewise fails as a matter of law. The Michigan Antitrust Reform Act, MICH. COMP. LAWS § 445.774(3), does not prohibit conduct by a local unit of government provided, "it is acting in a subject matter area in which it is authorized by law to act." Genesee County Defendants argue that they were acting in an area in which they were authorized to act. The Court agrees that these Defendants are entitled to regulate ambulance operations.

Although Plaintiffs concede that Genesee County Defendants have the authority to enact ordinances regulating ambulance operations, Plaintiffs distinguish the conduct here by arguing that Genesee County Defendants lacked the authority to legislate individual ambulance companies out of existence. Plaintiffs conclude that the challenged conduct exceeds mere regulation of ambulance operations in that it causes validly licensed ambulance operations to be criminally prosecuted for operating within the County. Finally, Plaintiffs claim that the regulation of nonemergency patient transport exceeds the scope of authority granted.

The Court rejects Plaintiff's analysis of the law as applied to these facts. The starting point for the analysis is the parties' agreement that Michigan law permits a local governmental unit to enact an Ordinance regulating ambulance operations. The second step requires the Court to apply the "plain and unambiguous" language in the Antitrust

Reform Act to the facts of this case. Bio-Magnetic Resonance, Inc. v. Department of Public Health, 593 N.W.2d 641, 644 (Mich. Ct. App. 1999). When the Bio-Magnetic Resonance Court examined the relevant statutory language, it reasoned:   As for the "subject matter area" categorization, we conclude that these words establish an intentionally general region of authority, the extent or scope of which is determined by a legislative grant of authority. "Subject matter" is defined by Webster's New World Dictionary of the American Language, Second College Edition (1984), p. 1418, as "the thing or things considered in a book, course of instruction, discussion, etc." If an applicable underlying statute either explicitly or impliedly gives the governmental unit the power to act in a specific area, then the governmental unit can be said to have been granted by law the substantive authority to act on "things" or matters falling within that given area. Further, the statute unambiguously states that the nature of the governmental act or conduct is irrelevant to a determination whether the exception applies. The exemption indicates that the state's antitrust statutes do not apply to " any act or conduct" undertaken by the governmental unit, as long as the focus of that behavior is on a matter falling within the authorized subject-matter area. The adjective any clearly signals that the category it is identifying will be all-inclusive. Definitions of the word "any" include "without limit" and "every." Webster's, supra, p. 62. This intentionally chosen statutory language evidences a legislative desire not to restrict the applicability of the exception to only those actions that fall undeniably within the statutory grant of power.

Id.

Accordingly, the Court finds that Genesee County Defendants were acting in an area in which they were authorized to act. Moreover, they are free to regulate nonemergency medical transport as well. See MICH. COMP. LAW §§ 333.20902(5), 333.20908(6) (defining ambulance operations to include patient transport and patient to include a nonemergency patient). Therefore, the Court rejects Plaintiffs' argument that Genesee County Defendants exceeded their regulatory authority, and finds dismissal of the state antitrust claim is appropriate.

### 4. Immunity

Genesee County Defendants ask the Court to dismiss the state tort claims

10

against them on immunity grounds. Two provisions of the Governmental Tort Liability Act, MICH. COMP. LAWS § 691.1407, are raised--one governing agency conduct, the other governing conduct by individuals. The Court addresses the arguments relative to agency conduct first.

### a. Agency

Except for certain limited exceptions, the Governmental Tort Liability Act, MICH. COMP. LAWS § 691.1407(1), a governmental agency is shielded from tort liability if it is "engaged in the exercise or discharge of a governmental function." The statute defines a governmental function as an "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MICH. COMP. LAWS § 691.14001(f). When applying the statute to a particular set of facts, courts construe the term governmental function broadly and the statutory exceptions to immunity narrowly. Maskery v. University of Michigan Board of Regents, 664 N.W.2d 165, 167 (Mich. 2003).

Included in the enumerated exceptions to immunity is ultra vires conduct by a defendant. Plaintiffs rely on this exception in responding to the motion. Plaintiffs maintain that governmental immunity does not apply because Genesee County Defendants engaged in ultra vires conduct in enacting the Ordinance. See Complaint, ¶ 103. Genesee County Defendants disagree, arguing they were authorized to enact the Ordinance. Accordingly, the Court directs its attention to the authorizing statute.

It reads in relevant part, "A local governmental unit or combination of local governmental units may operate an ambulance operation or a nontransport prehospital life support operation, or contract with a person to furnish any of those services for the

11

use and benefit of its residents, and may pay for any or all of the cost from available funds." MICH. COMP. LAWS § 333.20948(1).  Plaintiffs focus on subsection 3 of the statute to support their position.  It authorizes enactment of "an ordinance regulating ambulance operations, nontransport prehospital life support operations, or medical first response services."  The authority to enact "standards and procedures. . .under the ordinance" may not conflict with the statutory rules.  MICH. COMP. LAWS § 333.20948(3).  Nor may the procedures be "less stringent."  333.20948(3).

Plaintiffs maintain that the provisions cited do not authorize Genesee County Defendants to "regulate" nonemergency medical transport.  However, under the statute, ambulance operations includes patient transport, and a patient includes a nonemergency patient.  See MICH. COMP. LAWS § 333.20902(5), 20908(6).  Accordingly, the Court rejects Plaintiffs' challenge on this basis.

Next, Plaintiffs argue that the statute does not permit Genesee County Defendants to eliminate ambulance operations, thus the conduct at issue falls outside the Governmental Tort Liability Act.  Plaintiffs also argue that the Ordinance interferes with local government's ability to contract with ambulance operations in Genesee County.  MICH. COMP. LAWS § 333.20948(1).  Under the statute, a local government unit includes not only a county, but also a "city, village, charter township, or township." MICH. COMP. LAWS § 333.20906(3).

Even if Plaintiffs are correct, there is nothing in the statute that expressly prohibits the conduct at issue.  Further, the statute authorizes local governments to combine resources to operate or contract with operations.  Thus, there is no sufficient basis for deeming conduct ultra vires as interpreted by Michigan case law.

Specifically, in <u>Richardson v. Jackson County</u>, 443 N.W.2d 105 (Mich. 1989), the plaintiff/personal representative sued the township and county that maintained a public beach where the decedent had drowned. The plaintiff argued that the defendants acted ultra vires because in failing to warn swimmers of a severe drop off in a lake's swimming area, they violated requirements of the Marine Safety Act. The Michigan Supreme Court rejected this argument, holding that the defendants had authority to operate recreational facilities and regulations as to how a facility must be operated did not function as a withdrawal of authority. In sum, "improper performance of an activity authorized by law is, despite its impropriety, still is authorized. An ultra vires act is one that the governmental agency lacks legal authority to perform in any manner." 443 N.W.2d at 109.

In applying the reasoning to this case, the Court concludes that Plaintiffs have done nothing more than allege that Genesee County Defendants improperly exercised their statutory authority through the enactment of the Ordinance. Because Genesee County Defendants had the authority to regulate ambulance operations, the Court finds the agency Defendants are entitled to immunity from state law tort claims.

### b. Individual Commissioners

The parties also dispute whether Plaintiffs' state tort claims against individual Commissioners--tortious interference with contract, tortious interference with business expectancies, and conspiracy--are barred by governmental immunity. See MICH. COMP. LAWS § 691.1407(5). Section 1407(5) provides: "A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the

13

scope of his or her judicial, legislative, or executive authority." MICH. COMP. LAWS § 691.1407(5).

In <u>Marrocco v. Randlett</u>, 433 N.W.2d 68. 73 (Mich. 1988), the state supreme court explained the statutory immunity provided to the highest executive officials, noting that they enjoy no immunity for acts outside their executive authority. "The determination whether particular acts are within their authority depends on a number of factors, including the nature of the specific acts alleged, the position held by the official alleged to have performed the acts, the charter, ordinances, or other local law defining the official's authority, and the structure and allocation of powers in the particular level of government." <u>Id.</u>

Motive is not a relevant consideration. <u>American Transmissions, Inc v. Attorney General</u>, 560 N.W.2d 50 (Mich. 1997). Therefore, the Court finds Plaintiffs' assertion that individual Commissioners enacted the Ordinance with the intent to render Plaintiffs' contracts valueless immaterial. Certainly, the passage and enforcement of a regulatory ordinance falls within the essence of individual Commissioners' authority, and they are entitled to immunity.

### 6. Ripeness

The parties agree that Plaintiffs' takings claim, brought under the Fifth Amendment, is not ripe because Plaintiffs have not pursued their state law inverse condemnation claim. <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City</u>, 473 US. 172 (1985). Nevertheless, Plaintiffs ask the Court to deny Defendants' request for dismissal on this ground until their inverse condemnation claim is decided.

Plaintiffs have no authority to support their request. The Court therefore dismisses Count IX.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** the motion. The Court **DISMISSES** Defendants GCHD and Pestronk, and Counts I, IX, XIII, and XIV. The Court dismisses Genesee County Board of Commissioners and individual Commissioners from the § 1983 claims and Genesee County Defendants from Count XV. The Court further precludes Plaintiffs' request for money damages arising out of violations of the state constitution pursuant to Jones, and money damages arising out of federal antitrust claims pursuant to the Local Government Antitrust Act. The Court dismisses Plaintiffs' state law antitrust claim.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Deputy Clerk